IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-mj-01121

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NATHANIEL SMITH,
TROY SAGO, and
DAVID PRICE,

      Defendants.

## ORDER ON PRELIMINARY HEARING

At the hearing in this case on August 11, 2009, Defendants Sago and Price challenged probable cause for their arrest.[1]

In support of its criminal complaint, the government presented the testimony of Larry L. Dyer, a Safe Streets Task Force officer and a detective with the Colorado Springs, Colorado police department. First, Detective Dyer testified that during an investigation of illegal drug activity in Colorado Springs, Colorado, the names of these two Defendants were mentioned as participating in drug sales. Detective Dyer identified these two Defendants in Court. Dyer stated that as a result of initial investigation, police obtained sufficient evidence to obtain a state wire tap. Dyer testified that "through intercepted calls, through some both physical and video surveillance, we were able to establish that he was in fact trafficking narcotics, chiefly crack cocaine. During that investigation at least three independent stops were performed on the buyers or purchasers of narcotics from Mr.

---

[1] Defendant Smith was not represented by counsel, and this Order does not address probable cause as to him.

Price; all three of those did yield various amounts of crack cocaine, and then subsequent statements by those individuals did suggest that Mr. Price did in fact sell them crack cocaine." As to Defendant Sago, Dyer testified that Defendants Sago and Smith had approximately 60 telephone calls during the investigation, with three-four of those involving discussion of narcotics sales with temporally immediate follow up meetings between Sago and Smith.

After approximately fifteen minutes of testimony concerning the general contents of intercepted telephone calls and other evidence generated by wire taps, as Detective Dyer was about to discuss the specific content of some of the calls, defense counsel raised an objection under 18 U.S.C. § 2518(9), because defense counsel had not been provided the court order authorizing the wire taps 10 days prior to this hearing. The Court is troubled by the delay of defense counsel in raising this issue. Prior to any objection, the testimony of Detective Dyer, as quoted above, was quite specific concerning, at the very least, evidence derived from a wiretap. It is bothersome that Dyer testified for an extended period of time prior to any objection.

However, the Court determines that this conduct does not constitute a waiver of Defendants' rights under the statute (given that the objection was ultimately raised at the hearing itself), and that the statute has been violated in this instance. Therefore, the Court will segregate from its analysis "[t]he contents of any wire . . . or evidence derived therefrom." 18 U.S.C. § 2518(9).

Concerning Defendant Price, Detective Dyer testified that after his arrest, Mr. Price spoke with police after being advised of his rights. Mr. Price admitted that Mr. Smith was Mr. Price's supplier for approximately the prior eight months, Mr. Price purchasing 42 grams of crack cocaine every week. After the issue of the objectionable wiretap testimony was raised, Detective Dyer also testified about two pre-wiretap crack cocaine purchases that were observed by police, one a controlled purchase by a confidential source, the other a purchase by a man named Montoya who

used a man named Mobley as an agent to purchase crack cocaine from Defendant Price. The Court finds that this evidence is sufficient to establish probable cause for Defendant Price's conspiracy to obtain and distribute crack cocaine.

As to Defendant Sago, the evidence is thinner. When Sago was arrested, he had, in his possession at a business establishment he owned, a revolver and a digital scale with suspected cocaine residue on it. He has numerous prior arrests and convictions, including a 1998 felony conviction for possession of cocaine and a 2004 felony conviction for possession of a controlled substance. Police surveillance established meetings between Smith and Sago. Detective Dyer also testified that two reliable confidential sources provided to police direct evidence of purchases of crack cocaine from Defendant Sago. Clearly, "probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily." *Franks v. Delaware*, 438 U.S. 154, 165 (1978). Based on this non-wiretap evidence, the Court finds that the standard for probable cause has been established as to Defendant Sago.

SO ORDERED.

DATED and ENTERED this 11th day of August, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge