IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 08-cr-00287-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

7. TROY SAGO,

      Defendant.

## ORDER ON MOTION TO RECONSIDER PRE-TRIAL DETENTION

Defendant requests release on bond. The Court initially held a hearing concerning detention in this matter on August 11, 2009. At that time the Court determined that, by a preponderance of the evidence, Defendant presented a risk of nonappearance, and by clear and convincing evidence, that Defendant presented a risk to the community. The Court ordered detention. *See* docket #15. On October 21, 2009, Defendant filed a Motion to Reconsider Pre-Trial . . . Detention (docket #275), which is currently pending. The Court held a hearing on this Motion on November 3, 2009.

Defendant is requesting release on conditions. Defendant presented six letters from friends or acquaintances supporting release. Defendant also presented live testimony from Alicia Christmas, Defendant's female friend, who testified that Mr. Sago could stay at her home. She and the Defendant were previously in business together. Finally, Defendant presented a printout from the CCIC computer database which does not disclose all of the failures to appear (resulting in a warrant being issued) that are contained in the Pretrial Services Report. The United States cross-examined the witness and presented argument, but no evidence. In making the following ruling, the

Court has considered the arguments of counsel, the evidence produced at the hearing, and the Court's file (including the Pretrial Services Report).

In the Bail Reform Act Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios,* 791 F.2d 246, 250 (2d Cir. 1986) (quoting S. Rep. No. 98-225, reprinted in 1984 U.S.C.C.A.N. 3182). The Supreme Court has stated that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). Here, however, there is a presumption of detention imposed by Congress pursuant to 18 U.S.C. § 3142(e) due to the mandatory minimum sentence of 10 years to life for the drug charge identified in the Indictment brought against the Defendant.

Despite the presumption of detention here, the United States has the ultimate burden of proof and persuasion on whether there are release conditions that can reasonably assure the Defendant's appearance and protect against danger to the community. *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001). The presumption of detention does put upon the Defendant a burden of production. "[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991) (citations omitted). "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id.*

The relevant factors in determining whether there are conditions of release that will reasonably assure the appearance of Defendant or the safety of the community include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or

involves a narcotic drug, (2) the weight of the evidence, (3) the defendant's personal circumstances, including family and community ties, criminal history, any indication of drug and alcohol abuse, and whether at the time of the offense or arrest the defendant was on probation, parole, or conditional release, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Cortez*, 12 F. App'x 708, 710 (10th Cir. 2001).

**(1)** *Nature and circumstances of the offense charged, including whether the offense is a crime [that] involves a . . . controlled substance [or] firearm*

Here, Defendant is charged with a serious drug distribution offense which, by itself, involves a mandatory minimum of ten years in prison, up to life, and if enhanced because of Defendant's prior criminal history, may result in a mandatory life sentence. Further, Defendant is charged with a violation of 18 U.S.C. § 922(g), felon in possession of a firearm. The nature of the offense that has been alleged against the Defendant makes him an inherent flight risk. *See United States v. Martir,* 782 F.2d 1141, 1146 (2d Cir. 1986) (Congress has found that serious drug offenders pose unusual risks of flight). Congress determined that the risk of flight to avoid prosecution is "particularly high among those charged with major drug offenses" and "a strong probability arises" that no conditions will adequately secure future appearances. *Id.* at 1144 (quoting S. Rep. 98-225 at 20, reprinted at 1984 U.S.C.C.A.N. 3202). In addition, of great significance was the government's proffer that Defendant, a two-time drug felon, was now facing a mandatory life sentence if convicted of all charges here, a potential scenario with which defense counsel did not quarrel. *See United States v. El-Hage*, 213 F.3d 74, 80 (2d Cir. 2000) (finding that "serious charges for which, if [defendant] is convicted, life imprisonment is a likely sentence, give him a strong motive to flee"). This factor weighs heavily in the Government's favor.

**(2)** *The weight of the evidence*

As the Court noted in its Order on preliminary hearing in this case, the evidence against Mr. Sago is not as strong concerning the drug charge as that against his alleged co-conspirators. Certainly, the grand jury has issued an indictment, which establishes probable cause. However, the Court finds that this factor does not weigh strongly for either the Government or the Defendant.

**(3)** *The Defendant's history and characteristics, including*

    (A)    His Character

Defendant submitted six letters that describe his character. The letters recognize his problems but assert that he has changed and is on a course of spiritual renewal and change. The Court accepts this evidence at face value and finds that this factor weighs in Defendant's favor.

    (B)    Physical and Mental Condition

The parties submitted no evidence that would cause the Court to find that this is anything other than a neutral factor in this case.

    (C)    Family Ties

Defendant has significant family and community support, as demonstrated by the letters he submitted, the testimony of his female friend, and other information proffered by his counsel. This factor weighs in Defendant's favor.

    (D)    Financial Resources

Defendant lacks financial resources; his family does not appear to have financial resources; and he is significantly behind in his child support obligations. This factor weighs in the Government's favor.

  (E)  Length of residence in the community

  Defendant has been in Colorado for approximately ten years. The Court believes that this is again a neutral factor, in neither party's favor.

  (F)  Community Ties

  Based on the letters submitted by Defendant and the comments of counsel, this factor weighs slightly in Defendant's favor.

  (G)  Past Conduct

  Other than the very immediate past as described by the letters submitted by the Defendant, his past is not exemplary, based on his criminal history and substance abuse. This factor weighs in the Government's favor.

  (H)  History related to drug or alcohol abuse

  This factor is neutral. Defendant has had substance abuse problems, but reports that he has not had those issues in the past two years.

  (I)  Criminal History

  Defendant's criminal history, all of which was incurred in the last eleven years, is fairly extensive and continuous. He has two felony drug convictions in 1998 and 2004. He has numerous traffic offenses, including driving without a license and driving under the influence. He has many other arrests in which charges were dismissed. According to Pretrial Services, he also has eight failures to appear resulting in the issuance of warrants. Defendant offered a printout from the CCIC computer database, which did not list all of the failures to appear that appear in the Pretrial Services Report; however, other than an absence of the information in the CCIC, Defendant did not specifically dispute that eight warrants had been, in fact, issued. Further, Pretrial Services utilizes

more information than that contained in the CCIC.  The Court will take judicial notice of the failures to appear which, in any event, do not materially affect the Court's decision today.  Given the two prior felonies (with their concomitant impact on the potential sentence here), the numerous traffic offenses and other arrests, and the undisputed application of the presumption of detention here, this factor weighs heavily in the Government's favor.

(J)     Record concerning appearance at court proceedings

This factor weighs in the Government's favor, no matter how many failures to appear the Defendant has actually had.  In the Court's opinion, even one or two failures to appear show, at a minimum, a cavalier attitude toward the legal system, if not outright contempt.

(K)     Whether, at the time of the current offense or arrest, the defendant was on probation, parole, or some other release status

Defendant was on a parole status at the time of the instant offense.  This factor objectively weighs in the Government's favor.

*(4)     The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.*

It is clear that the Defendant has engaged in repeated criminal activity in the past eleven years.  This is mitigated somewhat by the evidence of Defendant's change of heart, which the Court does not take lightly.  The decision on how to judge a defendant's claim of a recent change of heart concerning criminal conduct is one of the more difficult responsibilities for the undersigned.  The Court wants to believe that the story painted by the letters of support is true and does believe it to some extent.  However, it is difficult to erase a decade of crime in just a few weeks or months.  There are standards that the Court is required to apply.  Even if the Court believes Defendant to be a changed person capable of resisting the urge to flee or to break the law, if the application of those

standards, which the people of the United States have imposed through their elective representatives, support a firm conclusion that detention is required, it would be inappropriate to usurp that legislative directive. Such is the case here.

Considering the totality of the record before me, I believe the factors weigh in the Government's favor. Although simple mathematics would establish that the factors are more in the Government's favor than Defendant's, that is not the task for this Court. These decisions cannot be reduced to a simple equation, but in this case, the balance tips toward the Government's position. When the statutory presumption of detention is present, the Court must look for reasons why the presumption should not apply. Here, I continue to believe that Mr. Sago's detention is warranted by the nature of the charges against him, his past criminal history, his several failures to appear, and the fact that the current offense occurred while Defendant was already under supervision. Mr. Sago has not overcome the presumption in favor of detention that applies by virtue of 18 U.S.C. § 3142(e). I find that the Government has met its burden of establishing by a preponderance of evidence that no conditions are adequate to assure the Defendant's appearance at future proceedings, and by clear and convincing evidence that no conditions are adequate to assure against the danger to the community posed by Mr. Sago's release.

Defendant's Motion to Reconsider Pre-Trial . . . Detention [filed October 21, 2009; docket #275]is **denied**. Defendant shall remain under pretrial detention.

SO ORDERED.

DATED and ENTERED this 4th day of November, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge